LUCY RICHARDSON ET AL. *v.* JOHN HUNT ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—928, 931.]

**Mental Capacity to Make Deed.**

> One has capacity to convey land by deed when at the time the deed is executed she is mentally capable of understanding and comprehending the character, object and nature of the contract, even though at the time she is sick and labors under the delusion that she is bewitched and her mind to some extent is affected.

**Next Friend for Minor Plaintiffs.**

> Where no one will consent to act as next friend to infants in a suit the court may appoint some one to appear in that capacity, and the law does not require that an action shall be dismissed because no next friend assumes to act for minor plaintiffs.

APPEAL FROM PULASKI CIRCUIT COURT.

May 3, 1884.

OPINION BY JUDGE LEWIS:

This action was brought July 11, 1879, by appellants, children and heirs at law of Minerva Richardson, who died June 22, 1879, to set aside a deed to a tract of land belonging to her which she and her husband, John G. Richardson, made September 2, 1871,

to appellee, Hunt, and also to recover the possession of the land and rents from the date of the deed.

The husband, John G. Richardson, being alive and nothing appearing in the record to show the conveyance invalid as to him, it is clear appellants have no right to now recover the possession or rents. But they can sue to cancel and set aside the deed so far as it purports to convey the fee-simple title of their mother and divest them of the inheritance. The ground upon which they seek the relief is that their mother, by reason of her mental and physical afflictions, was at the date of the deed wholly incapable of making a legal or valid sale and conveyance of the land and was induced to do so by the fraud and coercion of her husband and others.

It was made to appear by affidavits that three of the plaintiffs in the action are infants, and on that ground a motion was made to dismiss the petition. But pending that motion their attorney filed an affidavit in which it was stated that before the commencement of the action he personally applied to some of their relatives to become guardians for or act as next friend of the infants, which they declined to do, that they have no statutory guardian, and so far as he knows and believes no one will act as next friend in the prosecution of the action. The court thereupon overruled the motion and appointed Trimble, the clerk, as their next friend.

We do not perceive in this action by the court any abuse of power or discretion, or violation of the letter or spirit of Civ. Code 1876, §37. Subsection 1 of that section prescribes certain qualifications and conditions when a person sues as next friend, and subsection 2 makes a guardian, curator, committee or next friend, who brings or prosecutes an action for a person under disability, liable for costs which accrue during his conduct of the action. But there is nothing in the section requiring an action to be dismissed peremptorily simply because it is not brought in the name of the next friend of an infant. On the contrary, it seems to be contemplated in subsection 2 that when the infant is unable to procure a next friend who will become responsible for costs the court may appoint one and allow him to sue in forma pauperis, which was what the court did practically do in this case. Besides, one of the plaintiffs being of age and having the right to sue in her own name, the court had no power to dismiss the action as to her.

It does not appear from the evidence in this case that the mother of the appellants was imposed upon, overreached or defrauded by either appellee, Hunt, to whom the deed for the land was made, or by Bodkins, who seems to have negotiated the purchase. Nor was the price paid for the land so inadequate as to make the bargain unreasonable or unconscientious. The only inquiry, therefore, necessary to make is whether the mother of the appellants was, at the time she executed the deed, of sound mind and capacity sufficient to understand and comprehend what she was doing.

It appears that for some time previous to 1868 she was in bad health, and was under the delusion that she was bewitched, and circumstances are detailed which conduce to show that at the time her mind was affected. But in our opinion the evidence does not show that at the date of the deed she was mentally incapable of understanding and comprehending the character, object and nature of the contract. It appears that her husband some time previous to the sale of the land was dissipated and reckless in his habits, which seems to have had the effect to make her despondent, but that he had ceased to drink intoxicating liquor, and joined a temperance society at the time the land was sold. We think it is satisfactorily shown that her motive for selling the land was, as stated by her, to remove to the state of Kansas, where her children could be better provided with homes and her husband removed from the temptation of his former associates.

In our opinion it is satisfactorily shown that she was rational and possessed of sufficient capacity to make and to understand what she was doing when the deed was made, but willingly and freely made it, having in view the objects just referred to. It is true that in 1877 and 1878, long after her return from Kansas, her mind became seriously affected, but the inquiry in this case being limited to her condition at the time the deed was made, what it may have been before or subsequently can not determine the question before us.

Perceiving no error in the judgment of the court, it must be affirmed.

Parker & Stone, for appellants.
Pettus & Pettus, for appellees.