## William Hurst v. Emmett Cassaday.

[Abstract Kentucky Law Reporter, Vol. 5—931, as Hurst v. Cassidy, et al.]

**Public Nuisance.**

> The erection of a fence across the public highway is a public nuisance which one has a right to abate for the purpose of his use without notice to the party who has erected the fence, but without unnecessary injury and without any breach of the peace.

### APPEAL FROM FLEMING CIRCUIT COURT.

May 20, 1884.

Opinion by Judge Hines:

Appellant obtained, in the court below, a temporary injunction restraining appellee from removing fencing on the land of appellant. The defense was that the fences had been erected by appellant across a public highway so as to obstruct its use by appellee and the public generally, and that appellee had removed the fencing for the purpose only and to the extent only of opening the highway over which he was entitled to pass. On final hearing the temporary injunction was dissolved, and from that judgment this appeal is taken.

The record disclosed that the passway obstructed by the erection of the fences was a public road, under the control of the county court, but appellant insists that it had ceased to be a public road by reason of the fact that a turnpike had previously been built within one mile of and parallel to the obstructed road, and that in any event he was entitled to notice before the removal of his fences. The objection that the public road had lost its character by reason of the building of the turnpike is based upon Gen. Stat. ch. 110, § 13, which provides that when a turnpike shall be built lateral to and within one mile of a public road such road shall by order of the county court be closed. In this case there is no order of the county court closing the road, and, as the statute is not self-executing, the road retained its public character until such action is taken by the county court.

The erection of the fencing across the public highway was a public nuisance which appellee had a right to abate for the pur-

pose of his own use without notice to appellant. General Statutes, art. 1, ch. 94, § 41, which provides that where there is an obstruction on a public road the owner or occupant of the land shall be fined one dollar for every twenty-four hours such obstruction shall remain after having received notice of its existence from the surveyor of the road, does not take away the common-law right of one having occasion to use the road to remove the obstruction without any notice. This right exists in any one entitled to use the public highway, when exercised, as in this case, without any breach of the peace and without any unnecessary injury to the owner or occupant of the land.

Judgment *affirmed*.

*W. H. Cord, Sr., Andrew S. Sudduth, for appellant.*
*Cassidy & McCartney, for appellee.*

