## Maiden v. Stewart, et al.

(Decided March 16, 1915.)

### Appeal from Bell Circuit Court.

1. Land—Sale of Infant's Real Estate—Control of Fund.—Where, without a bond, the land of an infant is sold for reinvestment under Section 491 of the Code, Sub-section 5 of Section 493 requires that the court by its commissioner retain custody and control of the fund realized by the sale until the same is reinvested in real estate.

2. Land—Sale of Infant's Real Estate—Bond.—Sale of infant's land where a bond is required is void unless the bond is executed, and

a sale where no bond is required is as defenseless if made by another than the court's commissioner, or if the proceeds are collected and reinvested by another than the court's commissioner.

3. Land—Sale of Infant's Real Estate—Void Order.—Where the statutory guardian without bond or authority of the court collected the money and reinvested it in real estate, and all the infants' money was only sufficient to pay one-half of the purchase price of the land, the order confirming the reinvestment was void.

4. Parties—Defect of—Waiver.—A defect of parties plaintiff that could only be reached by special demurrer is waived by a general demurrer.

PATTERSON & INGRAM for appellant.

G. J. DAVIS for appellees.

## OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellees are infants and this is a suit in equity in their behalf against their guardian, Jones, and Benjamin Maiden to secure relief against a sale of their remainder interest in real estate which was sold under order of court apparently for re-investment.

A great many statements are made in the petition, and many more in the brief. The parties recognize the fact that no intelligent idea of the purpose of the proceedings or the extent of the relief to which the infants are entitled can be ascertained from the petition alone. For reasons to be stated, the judgment must be reversed, but with directions to the lower court to have the pleadings so reformed that tangible issues may be presented and the rights of the infants definitely settled. The court overruled demurrer to the petition, and, defendants declining to answer, the judgment now complained of was rendered. Defendants insist that the demurrer should have been sustained.

We gather this much from the petition: Isaac Stewart owned eight lots in the town of Pineville. He died intestate in 1909, and left five children, the appellees, surviving him. Three of them were infants and two were adults. From the briefs we understand he left a widow, who remarried. H. B. Jones qualified as guardian for the three infants, and brought a suit to have the lots sold and the proceeds re-invested. Then follow certain allegations reflecting upon the integrity of the guardian, and a statement that the court ordered a sale, and the lots brought $500. Jones collected the purchase

money and made a report somewhere to somebody showing that after the payment of certain expenses, he had a balance of $142. Jones, as guardian, then bought of the appellant, Benjamin Maiden, a tract of land in Bell County at the price of $600. It is not definitely shown just how much cash he paid on this land, but, putting various figures together, we infer that the price was about half paid, and purchase money notes were executed for the balance. From the briefs we are further told that the widow and her second husband also put into this land about $150, but the purpose of their investment is not explained, and there is nothing in the case to show what became of the share the two adults had in the lots.

It is alleged that on January 26th, 1912, Maiden filed a suit seeking to reform the deed which he had executed to Jones, as guardian, and asking also for a judgment on his purchase money notes and enforcement of his lien on the land. The petition in the present case does not disclose the errors, and we are left in ignorance as to the amount of purchase money claimed. It is alleged that the court refused to make any corrections in the deed, but did render a personal judgment against the infants for the purchase money, and ordered a sale of the land, and that it brought only $225 at the sale. It is also alleged that Maiden agreed with one of the adult children at the time he sold the land to Jones that he would cut enough timber from the land to pay the purchase money balance. It is said that he did cut the timber, but failed to credit or satisfy the notes.

In the prayer they ask that the guardian be required to produce receipts showing disbursement of the money coming into his hands as guardian, and that the deed from Benjamin Maiden to the infants be set aside, and that Maiden be required to restore to the Stewart children all of the money paid to him by their guardian, and also certain costs expended in the action above referred to. As already stated, general demurrer was filed to the petition. The court overruled it, and, the defendants refusing to answer, the court entered judgment against them canceling the deed executed by Maiden to Jones as guardian, and adjudging that Maiden pay to Jones, as guardian, the sum of $341.50. The children were also adjudged to recover the cost expended in the other actions referred to, as well as in this one, and they were

given a lien on the land conveyed by Maiden to Jones. The master commissioner was directed to sell same and pay the judgment, unless Maiden within 60 days satisfied it. There is no attempt in the petition or judgment to describe any of the lands, and no copies or parts of the former proceedings are made parts of this action.

The court did not err in overruling the demurrer, for there were allegations showing that the infants were entitled to some relief. It is alleged that Maiden had agreed to and did cut enough timber from the land to pay the purchase money balance, and the proceedings with reference to the sale and re-investment are so in conflict with the code requirements as to make them void.

A sale of infant's realty for purpose of re-investment is permitted by Section 491 of the code. If the bond mentioned in Sub-section 1 of Section 493 is not executed, Sub-section 5 of that section requires the court, by its commissioner, to retain the custody and control of the fund realized by the sale until it is re-invested in real estate. Sales where a bond is required are void unless the bond is executed, or the proceeds so preserved. Barnett v. Bull, 81 Ky., 127; Elliott v. Fowler, 112 Ky., 376.

A sale of infant's realty for re-investment where no bond is executed is defenseless, and this is true also if the proceeds are collected and re-invested without authority or direction of the court. In this case, the statutory guardian took the money without executing another bond and made the purchase from Maiden. There is no warrant for this under the code. While it is not shown whether the court confirmed the sale of the infants' land or authorized the guardian to purchase the land from Maiden, and while, in construing a pleading, the ordinary presumption would be that the court did confirm or authorize such transactions, yet if the court did order or approve a sale without a bond, and direct a re-investment of this kind—that is, one where all of the infants' money was only sufficient to pay half of the purchase price—it would certainly be unwise practice and erroneous under the rule with reference to preservation of the estates of infants. Manifestly, the personal judgment against the infants should be set aside.

From the statements made in the petition Jones, the guardian, was derelict in his duties, and, therefore, the

court improperly directed him to collect the money from Maiden. It was alleged and undenied that he refused to take any steps to protect the interests of the children, and, from his conduct with reference to their estate, it would seem that the court of its own motion should protect them by keeping the fund in the hands of the commissioner until it can be properly disposed of.

The appellant complains that the adult, Will Stewart, who sued as next friend for the infants, failed to file an affidavit as required by Section 37 of the code, showing his right to sue. This could only be reached by special demurrer, and the objection was waived by the general demurrer. Prichard v. Peace, 98 Ky., 99; Walton v. Washburn, 23 Ky. L. R., 1008, 64 S. W., 634; Hall v. Snipes, 10 Ky. L. R., 435, 9 S. W., 388; Henning v. Barringer, 10 Ky. L. R., 674, 10 S. W., 136.

The allegations with reference to the amount paid by Jones to Maiden are too indefinite to support the judgment of the court as to the refund of it.

The judgment for sale of the land cannot be enforced in the absence of a description of it. For these reasons the judgment must be reversed, but the plaintiffs will be given an opportunity to amend and set up their rights in tangible form.