## Louisville Railway Company v. Birdwell.

(Decided October 29, 1920.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Appeal and Error—Trial—Instructions—When an Instruction Should Not Authorize a Recovery for a Failure to Warn.—In an action for personal injuries growing out of a collision between a street car and an automobile, it was prejudicial error to authorize a recovery for a failure to give timely warning of the car's approach, where plaintiff testified that when he came out at the intersection he saw the street car, which was then some fifty or sixty feet away, and started over the track in front of the car.

2. Trial—Instructions.—In an action for personal injuries growing out of a collision between an automobile and a street car at an intersection, it is proper to instruct the jury that the duties of the motorman and the driver of a machine are reciprocal, and that, in addition to other duties, each is under the duty to operate his car or machine at a reasonable rate of speed, and to give timely warning of its approach.

3. Municipal Corporations—Traffic Ordinance—Duties of the Motorman of a Street Car as to Vehicles Having the Right of Way.—A municipal ordinance provided that all vehicles or street cars going in an easterly or westerly direction should have the right of way over all vehicles or street cars going in a northerly or southerly direction: Held, not to mean that vehicles or street cars going in a northerly or southerly direction shall, in every instance, stop or slow down in order to permit vehicles or street cars going in an easterly or westerly direction to pass in front of them, regardless of the distance of the latter from the intersection, but to mean that when a north bound vehicle or street car and an east bound vehicle or street car are approaching an intersection at the same time and this fact is known to the person in charge of the former, or could be known to him by the exercise of ordinary care, then it is his duty to use ordinary care to stop his street car or vehicle, or slow it down, so as to give the east bound vehicle the right of way.

STRAUS, LEE & KRIEGER for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Edward Birdwell brought suit against the Louisville Railway Company to recover damages for personal injuries. From a verdict and judgment in his favor for $1,500.00, the railway company appeals.

The accident occurred at the corner of Sixth and Magnolia streets in the city of Louisville. Sixth street runs north and south, while Magnolia street runs east, and west. At the time of the accident plaintiff was in an automobile going west along Magnolia street. While crossing Sixth street, the automobile was struck by a northbound car, and plaintiff was injured.

It will not be necessary to detail the evidence as appellant concedes it was sufficient to take the case to the jury. Complaint is made of the following instructions:

(1) "It was the duty of the motorman in charge of the northbound Sixth street car, in regard to which you have heard testimony, to run his car at a reasonable rate of speed, to keep his car under reasonable control, to keep a lookout for persons or vehicles on the street and to give timely warning of the approach of his car to a street intersection, and to exercise ordinary care to so run and operate his car as to avoid coming into collision with persons or vehicles upon the street, and if you believe from the evidence in this case that the motorman failed in any one or more of these duties and thereby caused his street car to collide with the automobile in which plaintiff was riding and plaintiff was injured thereby, then the law of the case is for the plaintiff and you should so find; but unless you so believe, the law of the case is for the defendant and you should so find.

(2) "I further instruct you, gentlemen, that it was the duty of Edward Birdwell, in operating his machine to keep the machine under reasonable control, to keep a lookout for vehicles or street cars on the street, and to exercise ordinary care to so run and operate his automobile as to avoid coming into collision with or being struck by vehicles on the street, and if you believe from the evidence in this case, that the plaintiff, Birdwell, failed in these duties, or any one or more of them, and thereby caused or so contributed to cause or bring about the collision that but for his failure in one or more of said duties the collision would not have occurred and he would not have been injured, the law of the case is for the defendant, Louisville Railway Company, and you should so find, although you may believe from the evidence that the motorman in charge of the street car failed in his duties, one or more of them, as submitted to you by the first instruction.

(3) "I further instruct you, gentlemen, that vehicles going east or west over a street intersection have the

right of way over vehicles, including street cars, going north or south on the street, and if you believe from the evidence in this case that the plaintiff, Birdwell, brought his machine upon the crossing and was in the act of going upon the crossing in time for the motorman by the exercise of ordinary care to have stopped his car or slowed down his car in order to give Birdwell an opportunity to cross the street, and the accident was caused by the failure of the motorman on the street car to yield the right of way, then the law of the case is for the plaintiff and you should so find.''

Both on his direct and cross-examination plaintiff testified that when he came out at the intersection he saw the street car, which was then some fifty or sixty feet away, and started over the track in front of the car. Notwithstanding this fact, instruction No. 1 authorized a finding for plaintiff if the jury believed from the evidence that the motorman failed to give timely warning of the car's approach, and thereby caused the street car to collide with the automobile in which plaintiff was riding. Manifestly, the purpose of the warning is to apprise persons using the street of the approach of a car. Where, as here, however, the person using the street actually knows that the car is approaching, he cannot complain that the motorman failed to give the necessary signal of its approach. Since there was evidence that no signal of the car's approach was given, we are not prepared to say that the jury did not base its verdict upon the finding that such failure was the proximate cause of the accident. We therefore conclude that it was prejudicial error to submit this issue to the jury.

Instruction No. 2 is complained of because it did not impose upon plaintiff the duty of running the automobile at a reasonable rate of speed and of giving timely warning of its approach. There was evidence to the effect that the automobile was going at an excessive rate of speed and that no signal of its approach was given. We have recognized the rule that the duties of the motorman of a street car and the driver of an automobile are reciprocal and that, in addition to their other duties, each is under the duty to operate his car or machine at a reasonable rate of speed and to give timely warning of its approach. Major Taylor & Co. v. Harding, 182 Ky. 236, 206 S. W. 285. Since the instruction was correct as far as it went, and no instruction submitting these issues was offered by the defendant, we are not inclined to re-

verse the judgment because of their omission from the instruction, but conclude that the judgment must be reversed because of the error in instruction No. 1. Instruction No. 2 should be amended on the return of the case so as to conform to the views herein expressed.

The ordinance of the city of Louisville provides that all vehicles or street cars going in an easterly or westerly direction shall have the right of way over all vehicles or street cars going in a northerly or southerly direction. Manifestly, this does not mean that vehicles or street cars going in a northerly or southerly direction shall, in every instance, stop or slow down in order to permit vehicles or street cars going in an easterly or westerly direction to pass in front of them, regardless of the distance of the latter from the intersection. It simply means that when a northbound vehicle or street car and an eastbound vehicle or street car are approaching an intersection at the same time, and this fact is known to the person in charge of the former, or could be known to him by the exercise of ordinary care, then it is his duty to exercise ordinary care to stop his street car or vehicle, or slow it down, so as to give the east bound vehicle the right of way. We therefore conclude that on another trial the court should give the following instruction in lieu of instruction No. 3:

If you believe from the evidence that the motorman in charge of the street car knew, or by the exercise of ordinary care could have known, that plaintiff's machine was approaching the intersection for the purpose of crossing over at the same time as the street car, then it was the duty of the motorman to use ordinary care to stop or slow down his car so as to give plaintiff's machine the right of way, and if you believe from the evidence that the motorman failed to use such care and thereby caused the collision, you will find for plainitff.

This conclusion makes it unnecessary to determine whether or not the damages allowed are excessive.

We find no prejudicial error in the admission of testimony.

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Whole court sitting.