### Bartley v. Bigford, By, etc.

(Decided January 30, 1925.)

#### Appeal from Pike Circuit Court.

Infants—Failure of Petition to Allege Infant has no Guardian, Curator, or Resident Committee Must be Taken Advantage of by Special Demurrer.—Under Civil Code of Practice, sections 35, 37, failure of infant suing by next friend to allege in his petition or by affidavit filed that he has no guardian, curator, or committee

resident in the state must be taken advantage of by special de-murrer, and may be and is waived by general demurrer.

J. E. CHILDERS for appellant.

PICKLESIMER & STEELE for appellee.

Opinion of the Court by Turner, Commissioner—
Affirming.

Appellee, an infant suing by his father as next friend, brought this action for damages against appellant. He alleges that defendant negligently ran an automobile then being operated by him against and over the infant plaintiff, whereby his leg was crushed, broken and mangled; that at the time the plaintiff on a bicycle was in the public road and going up behind defendant's automobile which was standing still therein, and that defendant suddenly and without warning, or without looking behind to see if any one was coming, began to back his automobile in a speedy way and backed the same into and against plaintiff; and plaintiff was in plain view of the defendant, but the latter did not turn his head to ascertain whether any one was approaching from the rear before he began to back his automobile, and that plaintiff had no warning of defendant's intention to so back his machine.

The material allegations were put in issue by the answer, and contributory negligence relied upon.

On a trial there was a verdict for the plaintiff for $1,000.00 and the defendant is appealing.

There is neither bill of exceptions nor bill of evidence in the transcript, and the motion for a new trial relies upon only one alleged error other than those occurring upon the trial, which latter of course are not before us.

That one alleged error is that the court erred in overruling a general demurrer to the petition, and the reason urged is that there is neither allegation in the petition, nor affidavit filed, disclosing the infant had no guardian, curator or committee resident in this state.

It is true under sections 35 and 37 of the Civil Code action cannot be maintained by a next friend unless he reside in this state and be free from disability, and it is disclosed either in the pleading or by affidavit that the infant or one under disability has no guardian, curator or committee residing therein.

But this requirement may be waived, and if the question is not properly raised by special demurrer will be deemed to have been waived. Nor can such a question be properly raised by a general demurrer, but on the contrary is waived thereby. Maiden v. Stewart, 163 Ky. 551.

It is also said that the denial in plaintiff's reply of the plea of contributory negligence is insufficient, and that therefore, even though this question was raised in no other way, it was properly raised by a motion for a directed verdict, and that such motion should have been sustained. One vital reason, however, why this question cannot be considered is that on the record before us there was no motion for a directed verdict.

Judgment affirmed.