## Caines and Smith v. Oshell Wheeler, by his Next Friend, A. J. Wheeler.

### (Decided February 10, 1925.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations—Surety of Licensee Not Liable for Negligent Operation of Jitney, where Car is Not so Used.—Where automobile, licensed under city ordinance as jitney bus, was not being used as jitney, surety held not liable on bond, conditioned to pay injuries arising from negligent operation of jitney; it being no purpose of ordinance requiring bond to regulate operation of cars except when used as jitneys.

2. Damages—Testimony Held Not to Warrant Instruction on Permanent Injury.—In action by boy of 12 to recover for leg fractured in automobile accident, testimony of doctor that there was a little lack of complete function, but he believed in complete recovery within a year, held not to warrant instruction on permanent injury after boy became 21 years of age.

3. Municipal Corporations—Instruction Requiring Driver to Give, when Necessary, Timely Warning of Approach Proper Under Statute.—In action for injuries in automobile accident, instruction as to requirement of timely warning of approach under Ky.

Stats., section 2739g-28, held to require phrase "when necessary" in conjunction with giving warning.

WAUGH & HOWERTON for appellants.

W. D. O'NEAL for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On April 17, 1922, the city of Ashland adopted an ordinance making it unlawful for any person to operate for hire on the streets of Ashland any motor vehicle commonly known as a jitney bus, without first obtaining a license so to do. The price of the license was $60.00; the fares to be charged per passenger were five cents or ten cents, according to the distance carried. The ordinance provided

> "This ordinance shall apply to all motor vehicles operated for hire entirely within the city of Ashland, or partly without the city; but the limitations on fares shall not be applied to trips beyond the corporate limits of the city."

It also provided that the applicant should execute before the city clerk a bond with good surety in the sum of a thousand dollars to the city of Ashland for the benefit of all parties interested. A license was granted under the ordinance to John B. Caines, who executed bond as provided by the ordinance with John Smith as his surety. The bond is as follows

> "KNOW ALL MEN BY THESE PRESENTS:
>
> "THAT we, J. B. Caines as principal and John Smith as surety, do hereby obligate ourselves unto the city of Ashland and to any persons that may hereafter become interested herein, in the penal sum of $1,000.00 that the said John B. Caines as principal shall pay to the city of Ashland and to any and all persons any and all damages that may be inflicted by him upon it or them by the wrongful, negligent or unlawful use or operation of a jitney bus under the license issued to the said J. B. Caines.
>
> "IN WITNESS WHEREOF we have this day set our hands, this the 29th day of April, 1922.
>
> "J. B. CAINES, Principal
> "JOHN SMITH, Surety."

Caines owns a Ford car, and on October 6, 1922, while going in his car from his residence in Ashland to Catlettsburg and while still within the city limits of Ashland he ran against Oshell Wheeler, a little boy twelve years old, breaking his leg and otherwise injuring him. This suit was filed by Oshell to recover for his injury against Caines and Smith as the surety on his bond. There was a verdict for the plaintiff for $1,500.00, on which judgment was entered against Caines and a judgment was also entered against Smith for $1,000.00. They appeal.

The proof is uncontradicted that Caines had been running his car as a jitney since he obtained his license in April. But on the morning before, about seven o'clock, he had put his car in the garage for repair. It needed repairing and he did not take it out until two o'clock the next day. He did not take it out then to operate as a jitney, but under these circumstances: His wife had been sick; his mother-in-law had been with her for several days and had concluded to take her daughter back with her to Catlettsburg, where she lived, until she got better. So Caines got his car out of the garage and did not put on it the jitney card which had been taken off when he put the car in the garage. He took the car to his residence, put in it his wife and her mother and their three children and started up to Catlettsburg with them. When they had gotten beyond the built-up portions of Ashland, but were still within the city limits, as he was on the way to Catlettsburg with the family and no one else, for the purpose indicated, the injury to Oshell Wheeler occurred. On these facts the defendant Smith moved the court to give a peremptory instruction to the jury to find for him. This is the first question to be determined on the appeal.

It will be observed that the ordinance applies "to all motor vehicles operated for hire within the city of Ashland or partly within and partly without the city." It will also be observed that the undertaking of the surety is to pay any damages inflicted "by the wrongful, negligent or unlawful use or operation of a jitney bus." At the time Oshell Wheeler was struck the car was not a motor vehicle operated for hire. He was not injured by the negligent operation "of a jitney bus under the license issued to the said J. B. Caines." He had taken off his jitney card; he was not operating his car then under the license at all. He was operating it only as

anybody else would operate his own car in carrying his own family. It was not the purpose of the ordinance to interfere with the operation of cars by their owners when not in fact used as jitneys. The rule is that a surety is never bound beyond the letter of his covenant.

"Sureties are persons favored by the law. Their obligations are ordinarily assumed without pecuniary compensation, and are not to be extended by implication or construction. Their liability is, as it is put, *strictissimi juris*. They have a right to stand on the terms of their obligation, and, having consented to be bound to a certain extent only, their liability must be found within the terms of that consent, strictly construed." 21 R. C. L., p. 975.

Under the proof the court should have instructed the jury peremptorily to find for the defendant Smith.

Among other things the court told the jury that if they should believe from the evidence that the injury to his ankle in question was permanent in its nature and that as a result of same his ability to labor and earn money had been lessened or impaired, then they should find for the plaintiff such further sum of money as they may believe from the evidence will reasonably compensate him for such impairment after his arriving at twenty-one years of age

The only testimony as to the permanency of the injury is by Dr. A. J. Bryson. His testimony put in a narrative form is as follows: He suffered a fracture of both bones at a distance of approximately an inch and a half or two inches above the ankle joint. I examined his foot today and I am perfectly satisfied with the result. The results are very good, but there is some little lack of complete function. In my opinion that will be wholly or practically taken care of or overcome in him in the near future; I believe in about a year from the time that he was injured. It was what we call a small fracture, not broken as I recall. I do not anticipate any further trouble about it."

This evidence does not warrant an instruction on permanent injury after the boy is twenty-one years of age.

To conform to the present statute the court will add the words "when necessary" after the words "to give," in instruction No. 1, so that part of the instruction will

read, "to give, when necessary, timely warning of the approach of his automobile to such place by sounding the horn."

The present statute provides

"Every automobile and bicycle, when in use on a public highway, shall be equipped with a horn, bell or other device capable of making an abrupt sound sufficiently loud to be heard under all ordinary conditions of traffic, and every person operating an automobile or bicycle shall sound said horn or other sound device whenever necessary as a warning of the approach of such vehicle to pedestrians, or other vehicles, but shall not sound said horn or sound device unnecessarily." Kentucky Statutes, section 2739g-28.

Judgment reversed and cause remanded for a new trial.