## Wener v. Pope.

(Decided June 12, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Municipal Corporations—Reasonableness of Speed of Automobile for Jury, where there is Some Evidence.—Whether or not speed of automobile was reasonable at time of accident is not a question for jury, unless there is some evidence that it was unreasonable.

2. Evidence—Common Knowledge that Automobile Cannot be Operated at Much Less Speed than will Permit its Being Stopped Within Three or Four Feet.—It is common knowledge that an automobile cannot ordinarily be operated at much, if any, lower rate of speed than such as will permit its being stopped within three or four feet.

3. Municipal Corporations—Evidence Held Not to Warrant Instruction on Question of Speed of Automobile.—In action for injuries from being struck by automobile, where single witness estimated speed of defendant's automobile at between 8 and 10 miles, while both plaintiff and defendant testified that it was stopped within three or four feet after accident occurred, there was no evidence that car was being operated at an unreasonable rate of speed, and court did not err in failing to instruct on such question.

4. Municipal Corporations—Automobile Driver Required to Sound Horn.—Under Kentucky Statutes, section 2739g-28 an automobile driver is required to sound his horn, if necessary to give warning of car's approach to those then using street crossing and in apparent danger.

5. Trial—Giving of Concrete Rather than General Instruction on Contributory Negligence Not Error.—It was not error to give concrete, rather than general, instruction on contributory negligence, even though latter would have been sufficient.

GROVER G. SALES for appellant.

ROBERT L. PAGE and DAVIES, PAGE & DOWNING for appellee.

Opinion of the Court by Judge Clarke—Affirming.

This is an action to recover damages for personal injuries resulting from an automobile accident at the southwest corner of Third and Jefferson streets, in the city of Louisville. A trial before a jury resulted in a verdict and judgment for the defendant, and plaintiff appeals.

His only complaints are that instructions Nos. 1 and 3 given by the court are prejudicially erroneous. The first instruction reads:

> "1. It was the duty of Pope to exercise ordinary care to avoid collision with any person on the street, and that duty included the duties of keeping a lookout and if there was anyone in apparent danger from the movement of his car to give reasonable and timely warning by the customary signals. If you believe from the evidence that he failed to observe any one or more of these duties, and thereby caused the collision with the plaintiff, Wener, then you will find for the plaintiff. But unless you so believe from the evidence, you will find for the defendant, Pope."

The criticisms of this instruction are, its failure to inform the jury that it was the duty of Pope to run his machine at a reasonable rate of speed, and its qualification of the duty to give signals of his approach by requiring such signals only if there was anyone in apparent danger from the movement of his car.

While ordinarily it is a question for the jury as to whether or not, under all of the circumstances, the speed of the automobile was reasonable at the time of an accident, this is not true, of course, unless there is some evidence that it was unreasonable. Louisville Railway Co. v. Birdwell, 189 Ky. 424, 224 S. W. 1065. A single witness estimated the speed of the car at the time of the accident at between 8 and 10 miles an hour, while both plaintiff and defendant testified, without contradiction, that it was actually stopped within three or four feet after the accident occurred.

It is a matter of common knowledge that an automobile cannot ordinarily be operated at a street crossing, or elsewhere for that matter, at much, if any, lower rate of speed than such as will permit its being stopped within three or four feet, and to hold that negligence might reasonably be inferred from such a low rate of

speed and an accident attributed thereto, would practically amount to holding that an automobile could not be operated at all without negligence.   It follows there was no evidence that the car was being operated at an unreasonable rate of speed, unless supplied by the statement of the traffic officer, who did not see the accident but merely saw the car as it passed him some 25 or 30 feet from the place of the accident, that he "judged" it was going 8 or 10 miles an hour.   We do not consider this estimate, or rather guess, as to the speed of the car at the time of the accident sufficient for that purpose in the face of the undisputed fact that the car was actually stopped within three or four feet.

In support of the other criticism of this instruction, counsel refers us to the case of Melville v. Rollwage, 171 Ky. 607, 188 S. W. 638, which, he insists, holds that the duty to give signals at all street crossings in a city is absolute, even though a traffic officer may be in control of and directing the traffic at the crossing.   That case, however, only holds that under the circumstances therein detailed, it was the duty of the automobilist to sound his horn to give notice of his approach to one rightly upon the crossing and in apparent danger from the movement of his car.

It is true that the court there said, referring to the automobilist:

> "He may have been authorized to move his automobile by a signal from the officer, but such signal did not require, or authorize, him to move it over the intervening street and the crossing being used by appellee without giving the necessary warning of its movements, or at such speed as to make its collision with her unavoidable."

It will be noticed that this did not make the duty to give warning of the automobile's approach absolute, but only to give such warning as was necessary to make a collision with the pedestrian avoidable.   The facts are then referred to to show that the pedestrian was rightfully upon the crossing, "and all the time in plain view of appellant as he approached in his automobile."   It is therefore clear that all the court meant or said, with reference to giving signals of an automobile's approach to a pedestrian upon a crossing in a city where a traffic officer is stationed was, that he should give such warning

as was necessary under the circumstances to render a collision avoidable.

That case, therefore, instead of supporting the contention of the appellant, clearly sustains the instruction given by the court in this case, to the extent at least that the duty to give signals is not absolute but dependent upon necessity therefor. But even if this were not true, the automobile law of the state, particularly as to signals and speed, has been materially changed by the legislature since that opinion was written, and before this accident occurred.

Subsection 28 of chapter 90 of the 1920 Acts, now section 2739g-28 of the statutes, reads:

> "Every automobile and bicycle, when in use on a public highway, shall be equipped with a horn, bell or, other device capable of making an abrupt sound sufficiently loud to be heard under all ordinary conditions of traffic, and every person operating an automobile or bicycle shall sound said horn or other sound device whenever necessary as a warning of the approach of such vehicle to pedestrians, or other vehicles, but shall not sound said horn or sound device unnecessarily."

This section applies at crossings and elsewhere in cities as well as in the country. United Casket Co. v. Reeves, 206 Ky. 581, — S. W. —; Caines, &c. v. Wheeler, 207 Ky. 237, — S. W. —.

Hence it was appellant's duty to have sounded his horn only if necessary to give warning of his car's approach to plaintiff or others then using the street crossing, and in apparent danger therefrom, as stated in the instruction given.

This instruction, however, states the duty somewhat differently from those approved in the Melville case, *supra*. Weidner v. Otter, 171 Ky. 167, 188 S. W. 335; Major Taylor & Co. v. Harding, 182 Ky. 236, 206 S. W. 285, and Caines v. Wheeler, *supra*. The instruction approved in those cases simply required an automobilist to give such signals as were reasonably necessary to avoid a collision with others upon the highway, whereas the instruction in this case imposes the same duty "if there was anyone in apparent danger from the movement of his car."

We are unable to see any substantial difference in these instructions, since both require the automobilist

to keep a lookout, and to give reasonable and timely warnings by the customary signals, which, under the statute, are to be given only for the benefit of those in apparent danger from the movement of the car. There is therefore no error in this instruction.

The third instruction reads:

"If you believe from the evidence that Pope was observing all the duties incumbent upon him under the first instruction, and that Wener came suddenly in front of his auto and so close in front of it that Pope could not by the exercise or ordinary care and the use of the means at his command have stopped his car or checked its speed in time to have avoided striking him, then you should find for defendant, Pope."

It is not claimed that this is not a correct statement of the law, or that there was no evidence to support it. The criticism is that it was error to refer to the evidence upon which appellee relied to sustain, and which, if believed by the jury did sustain, his plea of contributory neglect, and not to have given instead the ordinary instruction upon contributory negligence, couched in general language.

In other words, the contention is that it is prejudicial error simply to give a concrete rather than a general instruction upon the question of contributory negligence. We are not cited to any case so holding, but to sustain this novel contention reliance is had solely upon the fact that in Weidner v. Otter, *supra*, the court, in denying the claim of the defendant that he was entitled to a concrete rather than a general instruction upon the subject, said:

"An instruction in general terms is all that is needed to enable a jury of ordinary intelligence . . . to find whether he (the defendant) has exercised the required degree of care."

Even if we concede that the court intended to state this as the rule in all automobile accidents rather than as applicable simply to the facts of that case, there is yet in it no intimation that it would be error, much less prejudicial error, to give a concrete rather than the general instruction upon the subject.

Hence we find in that case nothing whatever to support the contention made here by the plaintiff in the action, that it was prejudicial error to have given a concrete rather than the general instruction upon contributory negligence, even though we might concede that the latter would have been sufficient.

Perceiving no error in the record that could have been prejudicial to appellant's substantial rights, the judgment is affirmed.