## McElrath v. Barnett.

(Decided June 14, 1938.)

(As Modified on Denial of Rehearing Oct. 18, 1938.)

JOE LANCASTER and W. A. BERRY for appellant.

R. H. HOOD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

This appeal is from a judgment for $3,800 recovered by Mrs. Marjorie Barnett, suing by her next friend,

Ollie Barnett, as damages for personal injuries sustained by her when struck by an automobile of appellant.

It is first argued as ground for reversal that the case should have been dismissed because there was no compliance with section 37 of the Civil Code of Practice. Appellee, Marjorie Barnett, first sued in her own name and her petition disclosed that she was under 21 years of age. Marjorie Barnett, by her husband and next friend, Ollie Barnett, filed an amended and intervening petition setting out the fact that she was an infant under 21 years of age and that she had no curator, committee or guardian. This petition adopted the allegations of the original petition and asked that the original petition be amended by making Ollie Barnett a party, suing for and on behalf of Marjorie Barnett as her next friend. A special demurrer had been sustained to the original petition with leave to amend; and special demurrer was also filed to the amended and intervening petition. Thereupon Marjorie Barnett made affidavit setting forth that she was an infant under 21 years of age and that neither she nor her husband had money or property over and above their indebtedness; that she had no curator, committee or guardian and was unable to procure a next friend to prosecute the action because of the requirement that the next friend execute bond for costs, and moved the court to appoint and designate a next friend to prosecute the action for and on her behalf and that her husband be permitted to prosecute the action as her next friend without the execution of a cost bond; that he was over the age of 21 years and a resident of Calloway county and under no disability. Thereafter, it was ordered and adjudged that Ollie Barnett be appointed and designated as next friend to prosecute the action for and on behalf of Marjorie Barnett and that he be permitted to prosecute the action in forma pauperis and not required to execute bond; it being recited that evidence was heard on the motion.

Counsel for appellant cite and rely on the cases of Maiden v. Stewart, 163 Ky. 551, 174 S. W. 5, and Spicer et al. v. Holbrook, 66 S. W. 180, 23 Ky. Law Rep. 1812. In the former it was held that the failure of one suing as next friend to file an affidavit as required by section 37 of the Civil Code of Practice showing his right to sue could only be raised by special demurrer. In the

latter case it was held in substance that failure of one suing as next friend to file the required affidavit and to execute bond for costs would upon objection be grounds for dismissing the petition as to infants sued for.

In the case of Richardson v. Hunt, 5 Ky. Law Rep. 931, 12 Ky. Op. 618 (an abstract opinion in the former but reported in full in the latter), three of the plaintiffs were infants and when that was made to appear, motion was made to dismiss the petition as to them on that ground. Thereupon their attorney filed an affidavit that attempt had been made to have some of their relatives become guardian or to act as next friend for them but no one could be procured to do so. The court overruled the motion to dismiss. In holding that the action of the lower court was proper this court said:

> "We do not perceive in this action by the court any abuse of power of discretion, or violation of the letter or spirit of Civ. Code, 1876, sec. 37. Subsection 1 of that section prescribes certain qualifications and conditions where a person sues as next friend, and subsection 2 makes a guardian, curator, committee or next friend, who brings or prosecutes an action for a person under disability, liable for costs which accrue during his conduct of the action. But there is nothing in the section requiring an action to be dismissed peremptorily simply because it is not brought in the name of the next friend of an infant. On the contrary, it seems to be contemplated in subsection 2 that when the infant is unable to procure a next friend who will become responsible for costs the court may appoint one and allow him to sue in forma pauperis, which was what the court did practically do in this case."

Practically the same procedure was followed in the instant case and it is therefore our conclusion that the court did not err in the circumstances shown in appointing Ollie Barnett as next friend and permitting him to prosecute the action as such.

It is next argued that the court erred in not sustaining appellant's motion for a directed verdict. The basis of this argument is that Mrs. Barnett left a place of safety and so suddenly walked into the path of appellant's automobile that the accident could not have been avoided by him. But there is a conflict of evidence on

that question. Without a lengthy detailing of the evidence, it is sufficient to say that according to the evidence for appellee she had parked her car on the right hand side of the road as she was driving and well over on the shoulder and had gotten out to fix a loose radiator cap. One Mr. Martin, who was traveling in the opposite direction, stopped his automobile on the other side of the highway to inquire if Mrs. Barnett needed any assistance but left ample room for another automobile to pass between the parked cars. Mrs. Barnett was standing in front of the left fender of her automobile when appellant's automobile which had been following Martin's car and being driven at a rate of about 40 miles per hour struck Martin's car and then veered across the road striking Mrs. Barnett. On the other hand appellant testified that as he approached, Mrs. Barnett was standing in front of her automobile and in a place of safety and that suddenly and without warning and before he could do anything to prevent striking her stepped out into the path of his automobile; and it is asserted that certain physical facts in evidence corroborate and fully sustain his statement. However, without further recital what we have already said demonstrates that an issue of fact was made which was and should have been submitted to the jury.

Finally, it is argued that instructions Nos. 1 and 5 were prejudicially erroneous. The objection to instruction No. 1 is that it as a matter of law imposed upon appellant the duty of sounding his horn or other device as a suitable warning of his approach when under the statute (section 2739g-28) the sounding of the horn or other sounding device is only required when necessary as a warning. There are a number of cases holding that under the statutes the motorist is not required to sound his horn or other sounding device as warning of his approach except when necessary and that generally the words "when necessary" should be embodied in the instruction defining the duties of the motorist in that particular. See Caines et al. v. Wheeler, 207 Ky. 237, 268 S. W. 1098; Wener v. Pope, 209 Ky. 553, 273 S. W. 92; Fork Ridge Bus Line v. Matthews, 248 Ky. 419, 58 S. W. (2d) 615; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753. However, the latter and other cases hold when the circumstances are such as to admit of no doubt concerning the matter that the court may determine

as a matter of law whether the sounding of a horn was necessary. See, also, Union Casket Company v. Reeves, 206 Ky. 581, 267 S. W. 1108, and authorities cited in it and the Lieberman opinion. Possibly in the circumstances this alleged defect in instruction No. 1 would not authorize reversal but since the judgment must be reversed for reasons presently appearing the instruction in the event of another trial should be reformed as indicated in Caines et al. v. Wheeler, supra.

The criticism of instruction No. 5 is that it permitted recovery for permanent impairment of appellee's ability to earn money. In the original petition recovery was sought for hospital and medical expenses in the sum of $650, for mental and physical pain and suffering in the sum of $3,000, and $85 for loss of time to the date of the filing of the action. It is further alleged that "Plaintiff says that she is a music teacher by training and profession, nineteen years of age, and was, before said injuries, a young woman of attractive personality and that by reason of said injuries, lacerations, and wounds upon her head and face she had been damaged by reason of said wounds detracting from her personal appearance in the sum of $3,000. Plaintiff says that by reason of said injuries she has been and is totally disabled from pursuing any gainful occupation for some time yet to come * * *." There is a further allegation concerning her physical and mental pain and anguish. There are no other allegations concerning the extent or probable duration of appellee's injuries and none concerning permanent impairment of her power to earn money. In the quoted excerpt it is alleged in effect, as will be noted, that the wounds, bruises and lacerations suffered by appellee detract from her personal appearance but there is no allegation that this permanently impaired her power to earn money nor is there any evidence of any marring or detraction of appellee's personal appearance. Apparently instruction No. 5 which authorized a recovery for impairment of power to earn money, was based upon the quoted excerpt from the petition, but in the state of the pleadings as above noted and the evidence as detailed, it is apparent that no finding for permanent impairment of her ability to earn money should have been authorized by the instruction and since the verdict exceeded the aggregate amount of the other items properly authorized

by the instructions, it is also apparent that part of the finding was for permanent impairment of appellee's power to earn money.

We are therefore constrained to hold that in the particulars indicated the instruction was erroneous and prejudicial.

Wherefore, the judgment is reversed for proceedings in conformity with this opinion.