## Cincinnati, New Orleans & Texas Pacific Railway Company v. Nolan.

### (Decided November 23, 1915.)

### Appeal from Lincoln Circuit Court.

Damages—Inadequate and Excessive Damages.—A verdict of $9,500 held not excessive in an action by a railroad brakeman for permanent injuries whereby he lost the use of a leg, there being but little evidence from which the jury could have reduced the damages on account of contributory negligence, the action being brought under the Federal Employers' Liability Act.

K. S. ALCORN and JOHN GALVIN for appellant.

EMMET PURYEAR, ROBERT HARDING, JOHN W. RAWLINGS and P. M. McROBERTS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Affirming.

Edward Nolan sued the Cincinnati, New Orleans & Texas Pacific Railway Company, in the Lincoln Circuit Court, to recover damages for injuries received by him when a hand-hold on top of a freight car gave way and precipitated him to the ground, in the course of his employment as head brakeman on one of the defendant's trains at Stearns.

There was a verdict and judgment in plaintiff's favor, in the sum of ten thousand dollars, which upon appeal was reversed. C. N. O. & T. P. Ry. Co. v. Nolan, 161 Ky., 205, 170 S. W., 650.

Upon a second trial, there was a verdict and judgment in favor of the plaintiff, in the sum of nine thousand five hundred dollars, and the defendant company again appeals.

Appellant complains of the instruction on the measure of damages, but the instruction given conforms to the direction of this court contained in the opinion on the former appeal.

Appellant also complains of the instruction on contributory negligence, but the one given is that approved in C. N. O. & T. P. Ry. Co. v. Goode, 163 Ky., 60, 173 S. W., 329.

Appellant also complains that the verdict is excessive.

Appellee at the time of the injury was twenty-two years of age, earning $105 per month.

.The injury was one affecting the femur, or rather the head of the femur (or hip bone) at the point where it works in its socket in the pelvic bone. The evidence for the plaintiff was to the effect that his fall from the car caused a fracture somewhere about the neck of the femur at the socket, resulting in the forcing of the bone up into this socket—an impacted fracture. The injured leg is shorter than the other by an inch or an inch and a half; and, according to the evidence for the plaintiff, the whole leg is perfectly stiff, and this condition is doubtless permanent, not only at the hip, but also at the knee and ankle. In other words, if the evidence for the plaintiff is to be given credence, he is permanently deprived of the use of the entire injured leg.

The accident occurred in the night as plaintiff was climbing down off of the top of a freight car, he at the time being alone. And, although under the Federal Employers' Liability Act (under which this action was brought) contributory negligence on the part of the plaintiff would have reduced the recovery, there was no evidence to support any claim for a reduction of the damages on that account.

From the nature of the injuries, plaintiff's suffering must necessarily have been intense, and this suffering, the proof shows, continued to the day of trial and doubtless will continue for some time.

In view of these circumstances, and the fact that a former jury fixed the damages at $10,000, we are unable to say that the verdict of $9,500 was so excessive as to indicate passion and prejudice in the assessment of damages and to justify a reversal of the judgment. N. & W. Ry. v. Thompson, 161 Ky., 814, 171 S. W., 451; E. T. T. Co. v. Jeffries, 160 Ky., 482, 169 S. W., 825; Citizens Telephone Company v. Wakefield, 126 S. W., 127.

Appellant argues that the verdict is evidently based upon the assumption that plaintiff has permanently lost the use of his leg, and contends that "even if the testimony tended to support the plaintiff in his claims as to his injuries, such a verdict could not stand, if previous rulings of this court serve as a guide." But the contrary is true.

In the Jeffries case, *supra,* the plaintiff lost a leg and was awarded $10,500, which this court held not excessive; and said:

"We have affirmed verdicts in the following cases as not being excessive: L. & N. v. Moore, 83 Ky., 675, where a brakeman recovered a verdict for $9,000 for the loss of a leg; South Covington Street Ry. v. Weber, 26 R., 922, 82 S. W., 986, a verdict for $10,000 for the loss of a child's hand; L. & N. v. Smith, 122 S. W., 806, a verdict for $12,500, where a man forty years old lost one hand and was otherwise crushed; Price & Lucas C. & V. Co. v. Haley, 125 S. W., 720, a verdict for $9,000 in favor of a man fifty-seven years old for the loss of an arm; and C. & O. Ry. v. Davis, 22 R., 748, 58 S. W., 698, where a boy nine years old recovered $10,000 for the loss of a foot."

Judgment affirmed.