## Danville Light, Power & Traction Company v. Baldwin.

(Decided January 30, 1920.)

### Appeal from Boyle Circuit Court.

1. Appeal and Error—Former Opinion—Law of the Case.—The former opinion is the law of the case as to all errors appearing on the original appeal; and is conclusive as to any points raised or that could or should have been raised on the first appeal, the evidence being substantially the same.

2. Appeal and Error—Former Appeal.—Finding upon an examination of the record no material difference in the evidence upon the two trials nor in the instructions given, the judgment will be affirmed.

3. Damages—Excessive Damages.—An award of $6,500.00 for a broken leg, is not excessive under the facts of the instant case, where the injured leg is shorter than the other, with a tendency to grow weaker.

EMMETT PURYEAR and JOHN W. RAWLINGS for appellant.

HENRY JACKSON, C. C. BAGBY and CHENAULT HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee sustained serious and permanent injuries during the installation of some heavy machinery at appellant's plant. A part of said machinery, to-wit: the fly wheel, was in two parts, each weighing 8,500 pounds. The lower section had been installed and while endeavoring to place the upper part, the men operating the winch or windlass permitted the rope to become "balled up" at one end, causing the drum to pull out, striking appellee, and inflicting the injuries complained of.

This is the second appeal of the case. The facts are given more in detail in the former opinion found in 178 Ky. 184, 198 S. W. 713. Upon a second trial appellee recovered a judgment for $6.500.00. Appellant is seeking a reversal of the judgment on the following grounds: (1) error in the giving and refusing of instructions; (2) the verdict is flagrantly contrary to the evidence; (3) appellee's contributory negligence: (4) the "balling up" of the rope was an ordinary incident to appellee's work; (5) the verdict is excessive.

The first opinion being the law of the case as to all errors appearing on the original appeal, there remain for our consideration on the present submission only such errors as are not precluded by the first opinion. In other words, as to any points raised or that could or should have been raised on the first appeal the former opinion will be conclusive on the present appeal, the evidence being substantially the same. An examination of the records in the two appeals fails to disclose any material difference in the testimony, except that appellee probably strengthened his case on the retrial.

Aside from a question of evidence, not involved here, it was held in the first opinion (a) that instruction No. 1 was not open to the criticism complained of, unless it be that the reference therein to the supervision and direction of Mr. Irvine (appellant's superintendent) was too general and not sufficiently confined to the particular operation from which the accident resulted; (b) the negligence, of appellant, if any, was of its employes operating the windlass, and not of its superintendent, if these employes were under his control and direction; (c) if the defective condition of the apparatus or the manner in which it was set up was the proximate cause of the accident appellee was responsible for his own injury, as the equipment was owned, furnished and set up by him; (d) whether the injury resulted because of the negligent manner in which the windlass was operated by appellant's employes, under the direction of its superintendent, or the defective condition of the apparatus, or the manner in which it was set up, were questions for the jury and should have been submitted under proper instructions. On this phase of the case appellee's theory only was submitted to the jury and the court should have submitted appellant's theory as well as the question, whether Irvine or appellee was in control of those operating the windlass; (e) whether appellee was an independent contractor and the contributory negligence of appellee were both properly submitted to the jury. The question, was appellee a fellow servant, was at most, under the evidence, one for the jury.

It will be seen at the outset the former opinion disposes of two errors urged for reversal on this appeal, viz.: the verdict is contrary to the evidence and appellee's contributory negligence, the instruction on this

latter issue being the same as given on the first trial. The same is true as to the question of assumed risk, the instruction on this point being identical on the two trials.

The excessiveness of the verdict. While the award is about double that given on the first trial, the nature of the injury is such as to sustain the compensation fixed by the jury. $6,500.00 is not an excessive allowance for a broken leg. This leg is shorter than the other; at the point of the break it is somewhat dished and as the patient grows older the leg will become weaker. Appellee at the time of the injury was 35 years of age.

This leaves for our consideration only the question of instructions. Instruction No. 1 is the same as that given on the first trial, with the exception that in conformity to the opinion the recovery was not limited to gross negligence and to meet the criticism that the reference to the superintendent was too general and not sufficiently confined to the particular operation, the court qualified it by making it apply to the charge, control and superintendency of Irvine *at said time,* and of *said* work, thus making it definite, specific and particular. Great stress is placed by counsel on the words "said Irvine concurring in same," used in the instruction. We do not deem it necessary to discuss this alleged error, since the exact expression is found in the instruction as given on the first trial and this same contention was made, but not sustained either in the original opinion or on the petition for modification.

Instruction A tendered by the appellant is almost word for word instruction A tendered on the first trial, while instruction B is an exact copy of a like lettered instruction tendered on the previous trial.

Appellant complains generally of the instructions given by the court, but with the exception of slight variations the instructions on the two trials are precisely the same. To conform to our first opinion the trial judge, upon a return of the case, gave a fellow servant instruction, in which it was pointed out that appellee could not recover if his injury was due to the negligence of those operating the winch, when not directed, superintended or concurred in by appellant's superintendent, pointing out in said instruction that appellant was not liable for any defective condition of the windlass or its inadequacy for the work, or for the negligent manner in anchoring it.

The instruction complied in every respect with the suggestions and requirements of the former opinion. We find nothing prejudicial or improper in counsel's argument to the jury. It would seem, therefore, upon a consideration of the whole case, that the present record is not materially different from that on the .first appeal. The errors therein pointed out were cured by the court in the instructions given.

The judgment is accordingly affirmed.