## Cohen, et al. v. Eastern Kentucky Home Telephone Company.

(Decided October 1, 1920.)

### Appeal from Pike Circuit Court.

Appeal and Error—Duty of Lower  Court Upon Second Trial.— Where in the opinion on the first appeal the case is reversed because of errors in the instructions, it is the duty of the lower court, upon a second trial, to obey the mandate of this court either by correcting the instructions previously given or by giving new instructions in conformity with the opinion, or by both.

ROSCOE VANOVER for appellants.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants conducted a mercantile business in the suburbs of the town of Jenkins, and practically their entire property, consisting of a building and stock of mer-

chandise, was destroyed by fire July 1, 1914, during an electrical storm, caused, as alleged, through the defective installation and negligent maintenance of a telephone in their store.

In this suit, to recover damages for the loss sustained, a former judgment in favor of appellee was reversed because of error in one of the instructions. 179 Ky. 107, 200 S. W. 344. Upon a retrial, the evidence being substantially the same though more voluminous, the court corrected the error pointed out in said instruction and in addition thereto gave a third instruction embodying certain principles enunciated in the opinion. From an adverse verdict appellants (plaintiffs below), have prosecuted this appeal. Alleged error in the giving of this third instruction is the sole ground upon which a reversal is sought. In so instructing the jury the court was merely carrying out the directions of said opinion by submitting what was considered by the court the issues involved. The instruction complied in every respect with the suggestions and requirements of the former opinion and was therefore proper. Danville Light, Power & Traction Co. v. Baldwin, 186 Ky. 683, 217 S. W. 910; I. C. R. R. Co. v. Haynes, 144 Ky. 508, 139 S. W. 754.

Some courts have gone so far as to hold that an instruction following the doctrine declared on the first appeal, although not strictly accurate, will be sustained on the second appeal—4 C. J. 1111; Pittsburg, Cin. & St. L. Ry. Co. v. Hixon, 110 Ind. 225, 11 N. E. 285—a proposition, however, not involved here.

In the former opinion we said:

"However, if a telephone properly installed should get out of repair and become dangerous; or, if one should be improperly installed and dangerous from the beginning, and a patron should have knowledge of such facts, it would be his duty to notify the company of the defects, when it would be compelled to make the proper repairs within a reasonable time. The instruction complained of did not include nor did it submit to the jury the duty of the defendant to exercise reasonable care to maintain the telephone in a reasonably safe condition, and as there was some evidence to show such neglect, it was the duty of the court to submit that issue to the jury. Upon another trial it will reform the instructions so as to conform to the principles herein expressed."

The third instruction reads:

"The court instructed the jury that if they should believe and find from the evidence that the telephone in-

stalled in the plaintiffs' store house got out of repair, or became dangerous after being installed, or if the jury should believe and find that the said phone was improperly installed and dangerous from the beginning, and the plaintiffs knew said fact, that then it was their duty to notify the defendant of said facts, so that he could repair the same within a reasonable time after notice. And if the jury should believe and find. that said facts did exist and plaintiffs knew same, if they did, and the plaintiffs failed to notify the defendant of same, that then the law is for the defendant, and the jury should so find.''

By comparing the two it will be seen how very closely the court followed the language of the opinion and especially the last sentence in the part quoted as to reforming the instructions in conformity to the principle therein expressed.

The third instruction was not improper, therefore, the judgment is affirmed.