## Louisville & Nashville Railroad Company v. Clark.

(Decided November 17, 1925.)

### Appeal from Nelson Circuit Court.

1. Master and Servant—Railroad Car Repairers Held Engaged in Commerce Within Employers' Liability Act, Abolishing Fellow Servant Doctrine.—Evidence that railroad car repairers at time of injury to one of them were carrying a trestle to be placed under a loaded car is sufficient to show that they were engaged in commerce so as to come within Employers' Liability Act (Ky. Stats., sections 820b-1 to 820b-3), which abolishes fellow servant doctrine as to carriers and employees engaged in intrastate commerce.

2. Master and Servant—Fellow Employee's Negligence in Handling Trestle Held for Jury.—Evidence held sufficient to submit to jury question whether fellow employee helping to carry a trestle was negligent, causing injury to plaintiff railroad car repairer.

3. Trial—Instruction Submitting Question to Jury whether Employer, by Agent or Employee, Negligently Handled Trestle Without Notice to Plaintiff, Injuring Him, Erroneous as Not Submitting Proven Negligence to Jury.—In car repairer's action under Employers' Liability Act (Ky. Stats., sections 820b-1 to 820b-3), for

injury, instruction submitting question to jury whether employer, by agent or employee, negligently turned over trestle without warning or notice to plaintiff, injuring him, was erroneous, since no claim was made that warning or notice was given, and since it made liability turn on affirmative act of fellow employee, which was not negligence proven.

WOODWARD & WARFIELD, JOHN S. KELLEY and JOHN A. FULTON for appellant.

FULTON & FULTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment for $7,500.00 for personal injuries.

At the time of the accident appellee and Clem Coomer were working as car repairers in the railroad yards in South Louisville. Their particular work at the time was to raise a loaded car on jacks or trestles. According to appellee, they got two trestles and placed one of them under the car. In doing this Coomer was in front and appellee behind. They then returned to get the second trestle. The trestle weighed about 150 pounds and was four feet tall, the front being perpendicular and the back slanting at an angle of about 80 degrees. It was standing upright with the broad end on the ground. Taking hold of the top of the trestle appellee pulled the trestle over on his hip. At that time Coomer had hold of the back end. Before appellee could get hold of the trestle Coomer raised up his end and the trestle slid off appellee's hip and injured his leg. On the other hand, Coomer says that they had already taken hold of the trestle and had carried it about 20 feet when appellee's hand gave way and the trestle fell.

The case was practiced under the Kentucky Employers' Liability Act, sections 820b-1, 2 and 3, Kentucky Statutes, the validity of which has been sustained. Idol v. Louisville & N. R. Co., 203 Ky. 81, 261 S. W. 878. The language of the act is practically identical with that of the federal Employers' Liability Act. U. S. Comp. St., sections 8657 to 8665. It abolishes the fellow servant doctrine as to carriers and employes engaged in intrastate commerce, and to bring the case within the act it must appear that both the carrier and employe at the time of the injury "were engaged in commerce." Idol v. Louisville & N. R. Co., *supra*. As the uncontradicted evidence shows that at the time of the injury appellee and

Coomer were employed in carrying a trestle to be placed under a loaded car, the showing was sufficient to bring the case within the act and to avoid the effect of a peremptory based on the common law rule that the company was not liable for the negligence of appellee's fellow servant.

But the point is made that the evidence did not show any negligence on the part of Coomer, and we shall proceed to dispose of that question. If the trestle had been lying horizontally on the ground, and each had had to lean over to take hold of his end, there would have been no danger in raising the rear end before appellee got a firm hold; but, as the trestle was standing upright, and appellee had to pull it over on his hip with his back towards Coomer before taking hold, the situation of the parties was such that the elevation of the rear end before appellee had adjusted his hands so as to support his end was likely to cause injury to appellee. Therefore, it was the duty of Coomer before raising the rear end to use ordinary care to see that appellee had taken hold of his end of the trestle, and if he failed to observe that duty, and by reason thereof appellee was injured, the company is liable, and there can be no doubt that the evidence on this point was sufficient to take the case to the jury.

The question submitted to the jury was, whether the company, "by agent, servant or employe, negligently turned over, or pushed on to, or knocked against, the plaintiff, the trestle introduced in evidence, or one similar thereto, without giving any warning or notice to plaintiff, and that plaintiff was thereby injured." The first part of this instruction either is so abstract that it made the jury the judges of the law, or if it intended to submit the absence of warning or notice as the ground of negligence, was almost equivalent to a peremptory in view of the fact that the company never claimed that any warning or notice was given. Not only so, but liability was made to turn upon whether Coomer was guilty of an affirmative act in actually turning the trestle over, or pushing it on to, or knocking it against, appellee, whereas, the only negligence proven was that he raised his end before using ordinary care to see that appellee had taken hold of the other end. We are, therefore, constrained to the view that the instruction did not fairly submit the proven negligence to the jury, and was, therefore, erroneous.

In view of another trial it is unnecessary to determine whether the damages were excessive, or to decide whether the petition was sufficient to bring the case within the Kentucky Employers' Liability Act, as it may be amended on the return of the case.

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Whole court sitting except Judge McCandless.