# Louisville & Nashville Railroad Company v. Clark.

(Decided December 3, 1926.)

## Appeal from Nelson Circuit Court.

1. Master and Servant—Evidence of Fellow Servant's Negligence in Raising End of Trestle Held Admissible Under Allegation that he Negligently Knocked it Against Plaintiff.—In employee's action against railroad for injuries, evidence of fellow servant's negligence in raising end of trestle before ascertaining whether plaintiff had taken hold of the other end held admissible under allegation that such fellow servant negligently turned over, pushed onto, and knocked against plaintiff a large heavy trestle.

2. Appeal and Error—Instructions Given in Second Trial as Indicated in Opinion on Appeal from First Trial Held Proper.—Instructions in second trial given as indicated in opinion on appeal after first trial held proper, since such opinion is law of the case.

3. Appeal and Error—That Court of Appeals would Reach Different Conclusion than Jury Held Not to Warrant Reversal of Judgment as Flagrantly Against Evidence.—Court of Appeals will not reverse on ground that verdict is flagrantly against evidence merely because it might have reached different conclusion than jury.

4. Damages—$10,000.00 Held Not Excessive for Injury to Leg Incapacitating 43 Year Old Man, who Earned $6.40 a Day, from Work.—$10,000.00 held not excessive for injury to strong, vigorous man 43 years old, earning $6.40 a day, who was rendered unable to work and whose leg became practically useless as result of ulcers produced by injury.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN, JAMES P. HAMILTON and KELLEY & KELLEY for appellant.

OSSO W. STANLEY and FULTON & FULTON for appellee.

## Opinion of the Court by Judge Rees—Affirming.

This is the second appeal of this case, the opinion on the first appeal in which the facts are stated being reported in 211 Ky. 315, 277 S. W. 272. On the second trial there was a verdict and judgment for appellee for $10,000.00, to reverse which this appeal is prosecuted. Upon the return of the case to the court below it was by stipulation agreed that appellant and appellee were engaged in interstate commerce at the time appellee received the injury complained of in his petition.

For a reversal of the judgment appellant relies on the following grounds: (1) The court erred in overruling appellant's motion for a peremptory instruction be-

cause the case pleaded was not proved and the case proved was not pleaded; (2) the verdict is flagrantly against the evidence and excessive; (3) the court admitted incompetent evidence for appellee over the objection of appellant; (4) the instructions are erroneous.

Grounds (1) and (4) will be considered together as appellant's cardinal complaint of the instructions is based on the alleged error of the court in submitting to the jury the question of whether Coomer, appellee's fellow servant, exercised ordinary care to see that appellee had taken hold of his end of the trestle before Coomer raised his end instead of submitting the negligence as alleged, i. e., "that the defendant, its agent, servant or employee, with gross carelessness and negligence, turned over and pushed on to and knocked against this plaintiff a large and heavy trestle," it being appellant's contention that this is an allegation of specific negligence and did not authorize the introduction of the evidence or the giving of the instructions complained of.

In the opinion on the first appeal we said:

"The question submitted to the jury was, whether the company, 'by agent, servant or employe, negligently turned over, or pushed on to, or knocked against, the plaintiff, the trestle introduced in evidence, or one similar thereto, without giving any warning or notice to plaintiff, and that plaintiff was thereby injured.' The first part of this instruction either is so abstract that it made the jury the judges of the law, or if it intended to submit the absence of warning or notice as the ground of negligence, was almost equivalent to a peremptory in view of the fact that the company never claimed that any warning or notice was given. Not only so, but liability was made to turn upon whether Coomer was guilty of an affirmative act in actually turning the trestle over, or pushing it on to, or knocking it against, appellee, whereas the only negligence proven was that he raised his end before using ordinary care to see that appellee had taken hold of the other end. We are, therefore, constrained to the view that the instruction did not fairly submit the proven negligence to the jury, and was, therefore, erroneous."

Appellant's contention is that appellee had pleaded specifically the negligence relied on as to Coomer, *i. e.,* that he negligently turned over, pushed on to, and knocked against appellee, the trestle mentioned, and that the trial court erred in permitting appellee to prove that Coomer's negligence consisted in raising his end of the trestle before using ordinary care to see that appellee had taken hold of the other end.

With the principles enunciated in the cases cited by appellant to the effect that the proof must conform to the averments of the pleadings, we are in thorough accord, but we are of the opinion that the evidence complained of was competent under the averment that "the defendant, its agent, servant or employee, with gross carelessness and negligence, turned over or pushed on to, or knocked against this plaintiff a large and heavy trestle." This was a general allegation of negligence in so far as appellee's injury was caused by the trestle coming in contact with his leg. The failure of Coomer to use ordinary care to see that appellee had taken hold of the other end of the trestle before he (Coomer) raised his end was a failure by Coomer to discharge a duty owing to appellee growing out of the doing of the act resulting in the injury, and the allegation of negligence set forth in the petition was sufficient to authorize the introduction of the evidence complained of. In Monroe v. Standard Sanitary Manufacturing Company, 141 Ky. 549, 133 S. W. 214, we said:

"Thus, if one is injured at a railroad crossing, under a general allegation of negligence he may show any act of negligence on the part of those in charge of the train relating to the management or operation of the train, or to the observance of, or failure to observe, the statutory requirements as to signals, etc. But under such an allegation he could not show that the injury was due to a defective or imperfect condition of the crossing, or that a frog was out of condition or improperly constructed, so that his foot was caught and held therein, causing him to be struck by the train and injured. If negligence in the latter particulars were relied upon, it would have to be pleaded specially."

In an action for an injury received at a public crossing the plaintiff could allege that the defendant, its agent,

servant or employee, carelessly and negligently drove an engine over, on to and against the plaintiff, and under such an allegation the plaintiff could prove that those in charge of the engine either failed to give the statutory signals or keep a lookout or that the engine was traveling at an excessive rate of speed, or that if his danger was discovered in time for the injury to have been avoided they failed to exercise reasonable or ordinary care to avoid the injury. So in this case the appellee, under the allegation that a servant of appellant negligently turned over or pushed on to or knocked against him a trestle, could prove the act of omission or commission of the servant that was the proximate cause of the trestle being knocked against him. The evidence being admissible the instructions complained of properly submitted the issues to the jury. Furthermore, the instructions were given as indicated in the former opinion and that opinion is the law of the case.

In the opinion on the first appeal we held that the evidence was sufficient to take the case to the jury, and while we might arrive at a different conclusion from that reached by the jury if we were merely determining the weight of the evidence, we can not say the verdict is flagrantly against the evidence nor, that being true, that it is excessive. Appellee at the time the injury was received was forty-three years of age and earning $6.40 a day, or at the rate of approximately $2,000.00 a year. The evidence introduced in his behalf tended to show that until that time he had been a strong, vigorous man, though he had varicose veins, but that subsequent thereto he had been unable to work and his leg is practically useless as a result of the ulcers thereon produced by the injury. His evidence also tends to show that the injury is permanent. Similar or larger verdicts for an injury to a leg have been sustained. C. N. O. & T. P. Ry. Co. v. Nolan, 167 Ky. 11, 179 S. W. 1046; L. & N. R. R. Co. v. Copley, 177 Ky. 171, 197 S. W. 648; C. N. O. & T. P. Ry. Co. v. Goode, 169 Ky. 102, 183 S. W. 264; Standard Oil Co. v. Titus, 187 Ky. 560, 219 S. W. 1077; C. & O. Ry. Co. v. Honaker, 190 Ky. 125, 226 S. W. 394.

The appellant finally insists that the expert witnesses who testified as to the result of an injury, such as appellee claims to have received, to a person having varicose veins were permitted to express their conclusions upon the matter which was in issue before the jury when

they should have been confined in their evidence to their opinions. A careful reading of this evidence shows that the witnesses merely expressed their opinions and not conclusions based on these opinions, and the evidence was not such as was condemned in Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523.

Judgment affirmed.