## Fullenwider, et al. v. Brawner.

(Decided May 1, 1928.)

### Appeal from Henry Circuit Court.

1. **Trial.**—In action for injuries, instruction which defined only the duties of defendant and was silent as to correlative duties of plaintiff was not for that reason erroneous, where plaintiff's duties were defined in other instructions.

2. **Trial.**—Instructions must be read together and considered as a whole, and if, when so treated, they present the law of the case, they are sufficient.

3. **Appeal and Error.**—Where instructions appear twice in record, once in bill of exceptions and once among orders certified by the clerk, court is bound to assume that the instructions certified in the bill of exceptions are correct.

4. **Negligence.**—Proximate cause of an injury is generally a question of fact for the jury, where there is conflict in evidence, or if conflicting conclusions may be derived therefrom, but, where facts are not in dispute, or inferences do not present room for contrary conclusions by reasonable men, question of proximate cause is one which the court may determine.

5. **Appeal and Error.**—Litigant who fails to offer additional instructions supplementing correct ones given may not complain that the instructions given were not sufficiently clear, complete, or definite.

6. **Appeal and Error.**—In action for injuries resulting from collision between plaintiff traveling on horseback and defendant's automo-

bile, omission of instruction under Ky. Stats., sec. 2739g-35, relative to duties of motor vehicle drivers, to submit to jury question whether injury was proximate cause of defendant's negligence, held not erroneous or prejudicial, where no other intervening cause of injury was claimed, and where defendant failed to ask for specific instruction or for additional explanation or definitions.

7. Automobiles.—In action for injuries resulting from collision between one riding on horseback and defendants' automobile, requested instruction that defendants were entitled to travel not to exceed 40 miles an hour, if way ahead was unobstructed, and there was no traffic in view, held properly refused under Motor Vehicle Act, sec. 2739g-51, and Amendment of March 20, 1926 (Laws 1926, c. 109), which makes speed in excess of 40 miles an hour prima facie evidence of unreasonable and improper driving, since instruction did not conform to the statute, and giving of a correct instruction thereunder would not have been favorable to defendants.

8. Automobiles.—Travelers on highway riding on horseback are governed by common law, and must exercise ordinary care for their own safety, question of what amounts to ordinary care being for jury's determination under facts of particular case, since statute governing motor vehicles (Ky. Stats., c. 88b, sec. 2739g-1) is inapplicable.

9. Automobiles.—In action by horseback rider against persons riding in automobile for injuries resulting from collision, instruction that plaintiff was under duty to keep reasonably on the right side of the street as he approached automobile held properly refused, since horseback rider was merely under duty to exercise ordinary care, and question as to what constituted ordinary care under the circumstances was for the jury; there being no statute relative to that particular point.

10. Trial.—In action by horseback rider for injuries resulting from collision with automobile, instructions requiring verdict for defendants if plaintiff's negligence contributed to injury, and defining negligence as failure to exercise that degree of care which ordinarily careful and prudent persons usually exercise under like circumstances, held correct and adequate under Civil Code, sec. 317, subsec. 5, where defendants failed to offer any other instructions regarding contributory negligence.

11. Appeal and Error.—Refusal of court to dismiss entire jury panel and summon a new one after several jurors had stated, in presence of others, that they saw tracks of automobile on wrong side of road, held not prejudicial, in action for injuries resulting from collision, where court discharged the jurors who made the statement, and where it developed without contradiction that the collision occurred on the side of the road indicated in the remarks of the rejected jurors.

12. Trial.—Argument, based on facts appearing in evidence and inferences fairly deducible therefrom, is proper.

13. Appeal and Error.—Verdict of jury assessing damages will not be disturbed, unless amount awarded is so disproportionate to the injury that it strikes the mind at first blush as excessive, and is accountable for only as a result of passion and prejudice.

14. Damages.—$6,044 to 32 year old blacksmith, earning average of $5 a day, for comminuted fracture of leg, injuries to nose, head, chest, and back, and for permanent impairment of use of leg, and for pain and suffering, held not excessive.

GILBERT, PICKETT & MATTHEWS and H. K. BOURNE for appellants.

J. WIRT TURNER, TODD & BEARD, FRANKLIN, TALBOTT & CHAPMAN and W. E. DARRAUGH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Edgar Fullenwider and Malcom Zaring, of Shelbyville, had been dove hunting in Henry county. Before returning home, they proceeded on business to New Castle. Zaring was driving Fullenwider's Lincoln car, and they came in collision with W. J. Brawner, who was traveling horseback on the highway leading from New Castle to Eminence. The horse was killed, and Brawner was seriously injured. Brawner instituted this action against Fullenwider and Zaring to recover damages for the injury to his person and property, and recovered a judgment for $6,500. Fullenwider and Zaring have appealed, insisting that error to their prejudice intervened in the trial. The facts essential to an understanding of the questions will appear in the opinion in disposing of the various contentions.

It is first insisted that instruction No. 1, given to the jury, was erroneous, in that it defined only the duties of the defendants, and was silent as to the correlative duties of the plaintiff, and failed to submit to the jury the issue of proximate cause. The instruction was not defective for failure to define the duties of plaintiff. That was done in other instructions, which was permissible practice, as it tends to simplicity and clarity for the respective duties of the parties to be separately set forth. Louisville Bridge Co. v. Iring, 180 Ky. 729, 203 S. W. 531; L. & N. R. Co. v. King, 131 Ky. 347, 115 S. W. 196; L. & N. R. Co. v. McCoy, 177 Ky. 415, 197 S. W. 801; Danville L. P. & T. Co. v. Baldwin, 178 Ky. 184, 198 S. W. 713; Stearns C. & L. Co. v. Williams, 171 Ky. 46, 186 S. W. 931; L. & N. R. Co. v. Park, 154 Ky. 269, 157 S. W. 27.

The instructions must be read together and considered as a whole, and, when so treated, if they present the law of the case, it is all that is required. Borderland Coal Co. v. Miller, 179 Ky. 769, 201 S. W. 299; Borderland Coal Co. v. Kirk, 180 Ky. 691, 203 S. W. 534.

Instruction No. 1, in a form frequently approved, defines to the jury the duties of drivers of motor vehicles on the public highway as prescribed by section 2739g35, Kentucky Statutes, and the decisions of this court (Cumberland Telephone & Telegraph Co. v. Yeiser, 141 Ky. 15, 131 S. W. 1049, 31 L. R. A. (N. S.) 1137), and then proceeds:

"And if the jury believe from the evidence that the defendants failed to exercise these duties, or any of them, if there was such failure, *and that as a direct and proximate result of such failure,* if any, the plaintiff suffered the injuries, if any, and losses, if any, of which he complains, then the jury should find for the plaintiff, and, unless they so believe, they should find for the defendants."

The instructions appear twice in the record, once in the bill of exceptions, and once among the orders certified by the clerk. We are bound to assume that the instructions certified in the bill of exceptions are correct copies of the ones actually given. Alexander v. Cin. N. O. & T. P. R. Co., 202 Ky. 475, 260 S. W. 14; Pendergrass v. Coleman, 207 Ky. 783, 270 S. W. 65. In the copy of instruction No. 1 appearing in the bill of exceptions, the clause which we have italicised in the above quotation from it does not appear. We are therefore compelled to decide whether that omission rendered the instruction prejudicially erroneous.

The proximate cause of an injury is not a question of science or legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it, and, like any other question of fact, it is ordinarily, bu' not invariably, a question for the jury to determine. It is a question for the jury when there is a conflict in the evidence respecting it, or if conflicting conclusions may be derived therefrom. Beiser v. C. N. O. & T. P. R. Co., 152 Ky. 523, 153 S. W. 742, 43 L. R. A. (N. S.) 1050; Ware v. Saufley, 194 Ky. 53, 237 S. W. 1060, 24 A. L. R. 500; Denker Transfer Co. v. Pugh, 162 Ky. 818, 173 S. W. 139; C. & O. R. Co. v. Holbrook, 208 Ky. 488, 271 S. W. 583; Interstate Coal Co. v. Love, 153 Ky. 323, 155 S. W. 746;

Geo. G. Fetter Co. v. Coggeshall, 208 Ky. 721, 271 S. W. 1075.

If the facts are not in dispute, or if the inferences arising from the facts do not present room for contrary conclusions by reasonable men, then it is a question the court may determine. The court may find as a matter of law from the facts proven that the injury complained of did not result from the negligence proven. Smith v. C. N. O. & T. P. R. Co., 146 Ky. 568, 142 S. W. 1047, 41 L. R. A. (N. S.) 193; Hummer v. L. & N. R. Co., 128 Ky. 486, 108 S. W. 885, 32 Ky. Law Rep. 1315; Goins v. North Jellico Coal Co., 140 Ky. 323, 131 S. W. 28; Illinois Cent. Ry. Co. v. Dupree, 138 Ky. 459, 128 S. W. 334, 34 L. R. A. (N. S.) 645; Dunn v. Central Asylum, 147 Ky. 812, 248 S. W. 216.

In this case the accident and injury were necessarily the result of negligence. Each party claimed it was caused by the negligence of the other. Neither claimed that there was any other intermediate efficient cause of the collision. The jury has found under the instructions that the plaintiff was free from contributory negligence, and that the defendants violated one or more of the duties imposed upon them by law. In view of that finding, we cannot say that a failure to give a special instruction on the issue of proximate cause in this case was erroneous or prejudicial. Schneider v. Rolf, 211 Ky. 669, 278 S. W. 100; City of Louisville v. Hart, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 207; Metallic Comp. Coal Co. v. Fitchburg Ry. Co., 109 Mass, 277, 12 Am. Rep. 689.

The appellants apparently assumed as much, since they did not ask for any specific instruction submitting proximate cause, or for any amplification of the ones given. If attention had been called to the omission, doubtless it would have been supplied. Unless a litigant offers additional instructions supplementing correct ones given, he may not complain that they were not as clear, complete, or definite as they could have been made if attention had been directed to the point. L. & N. R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S. W. 1011, 31 Ky. Law Rep. 1269; Patterson v. Moss Tie Co., 97 S. W. 379, 30 Ky. Law Rep. 9.

The court was not called upon, in the situation here appearing, to embody in the instruction any additional explanations or definitions, and failure to do so was not prejudicial to appellants. Otis Hidden Co. v. Newhouse,

204 Ky. 324, 264 S. W. 731; Herndon v. Ky. T. & T. Co., 214 Ky. 36, 281 S. W. 1036.

Appellants also complain of the refusal of the court to give instructions A and B offered by them. Instruction A in substance advised the jury that it was the duty of plaintiff to keep reasonably to the right side of the road as he approached the automobile, and, if he failed to do so, and by reason thereof was injured, the jury should find for the defendants.

Instruction B was to the effect that the defendants were entitled to travel not to exceed 40 miles per hour if the way ahead was unobstructed and there was no traffic in view. It was obviously proper to refuse instruction B, as there is no absolute right to travel 40 miles an hour on the public highway. The statute, section 2739g51, provides that no operator of a vehicle on a public highway shall drive at a greater speed than is reasonable and proper, having regard for the traffic and the use of the highway. The statutory standard thus declared is affected by several provisions applying to varying situations, one of which is (amendment of March 20th, 1926 [Laws 1926, c. 109]) that a speed in excess of 40 miles an hour shall be prima facie evidence of unreasonable and improper driving. Appellants did not offer an instruction conforming to this statute. If it could be said that the idea was suggested by the one offered, and should have been embraced in a proper instruction, the failure operated only against the plaintiff, as it is undisputed in the evidence that the appellants were passing over the crest of a hill where they could not see ahead, and they would not have been helped by an accurate instruction on that point. Slate v. Witt, 188 Ky. 133, 221 S. W. 217.

Furthermore, an instruction authorized by that statute must have advised the jury that speed in excess of 40 miles an hour, even if there had been a clear, unobstructed road, was prima facie evidence of negligence. Such an instruction would have favored plaintiff, as much of the evidence showed on the occasion a greater speed than 40 miles an hour. Consequently, instead of helping appellants, such an instruction, properly formulated, would have operated to their disadvantage. Since the instruction they offered was improper, and the one it suggested would not have favored them, no error can be predicated on the action of the court in that particular. American Dye Works v. Baker, 210 Ky. 508, 276 S.

W. 133; Wight v. Rose, 209 Ky. 803, 272 S. W. 472; Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087.

Instruction A raises a question that has not been directly decided, although it is ruled by familiar principles. The statute governing motor vehicles traveling on the public highway includes all vehicles, except road rollers, and such vehicles as travel exclusively on rails. Chapter 88b, Ky. Stats., sec. 2739g1. We are referred to no statute defining the duties of a pedestrian or a person riding on horseback on the public highway. In the absence of statute, such travelers are governed by the common law. It is the duty of all persons to exercise ordinary care for their own safety. The terms "ordinary care," "reasonable prudence," and similar terms have a relative significance, and cannot be arbitrarily defined. They erect a standard by which a jury may determine whether conduct on a particular occasion measures up to the requirements of the law. Henderson Tobacco Extracts Works v. Wheeler, 116 Ky. 322, 76 S. W. 34, 25 Ky. Law Rep. 495; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; Owensboro City R. Co. v. Tucker, 148 Ky. 844, 147 S. W. 916; Louisville R. Co. v. Boutellier, 110 S. W. 357, 33 Ky. Law Rep. 484; Weil v. Kreutzer, 134 Ky. 563, 121 S. W. 471, 24 L. R. A. (N. S.) 557; Searcy v. Golden, 172 Ky. 42, 188 S. W. 1098; Id., 180 Ky. 324, 202 S. W. 486; Bromley v. Langhorne, 144 Ky. 761, 139 S. W. 949; Winston & Co. v. Clark County, 178 Ky. 447, 199 S. W. 51.

It is the duty of a person riding a horse along the highway to exercise ordinary care for his own safety. It is a question for the jury whether such care was exercised under the particular circumstances of each case. In cases where there is no statute so providing, the court has no right to require a traveler on the highway at all times and under all conditions to remain on the right-hand side of the road. It is for the jury to determine under the definitions we have adopted whether his act in going on any part of the road is negligent. The court did not err, therefore, in refusing to instruct the jury as requested.

The appellants criticize the instructions on contributory negligence. The court told the jury that, even though they might believe from the evidence that the defendants were guilty of negligence, under instruction No. 1, yet, if they further believed from the evidence that the plaintiff was also guilty of negligence, and that his neg-

ligence, if any, so contributed to his injury that, but for it, the injury would not have occurred, the jury should find for the defendants. Another instruction defined negligence as the failure to exercise ordinary care, and defined ordinary care as that degree of care which ordinarily careful and prudent persons usually exercise under like or similar circumstances. These instructions were correct and adequate. Louisville Gas & El. Co. v. Beaucond, 188 Ky. 725, 244 S. W. 179.

The appellants did not offer any other instruction on the point, except the one requiring plaintiff to remain on his right-hand side of the road, which, as we have seen, was not correct. It was not incumbent on the court to go further, unless a request in writing was seasonably made for a modification of, or addition to, the instruction, which was correct as far as it went. Civil Code, sec. 317, subsec. 5; Traders' Deposit Bank v. Henry, 105 Ky. 707, 49 S. W. 536; Miller v. Noell, 193 Ky. 659, 237 S. W. 373; Louisville R. Co. v. Birdwell, 189 Ky. 424, 224 S. W. 1065; Ohio Valley Elec. R. Co. v. Webb, 202 Ky. 341, 259 S. W. 697; Ray v. Shemwell, 186 Ky. 442, 217 S. W. 351.

Appellants argue that they were prejudiced by an irregularity in the selection of a jury. It appears that, after the jurors were sworn to answer questions, two members stated in the presence of the others that they were on the scene shortly after the accident, and saw the tracks of the automobile on the wrong side of the road. They were reprimanded by the court, and discharged, whereupon the defendants moved the court to dismiss the entire panel and summon a new one. The court denied the motion, and admonished the remaining jurors not to consider the statements that had been made. It developed in the proof without contradiction that the collision occurred on the side of the road indicated in the remarks of the proposed jurors. The dispute between the parties revolved about the explanation of how the defendants happened to be there. Even if an error was committed, of which we are not convinced, it was obviously harmless under all the evidence.

Complaint is made of the argument of counsel for the appellee to the effect that the defendants, on the way to New Castle, had stopped at Eminence in front of a drug store. Without pausing to inquire how such a statement could be harmful to the cause of a litigant, it is plain that the evidence authorized the argument. Mr. Zaring testi-

fied that they parked the car in front of the hotel and drug store in Eminence. It is obviously proper to argue the facts appearing in evidence and all inferences fairly deducible therefrom. Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190.

The final insistence of the appellants is that the verdict of the jury is excessive. The jury awarded $6,500 compensatory damages. The utmost proven value of the horse killed was $200. The expense incurred was $256. The compensation allowed, therefore, for the personal injuries to plaintiff was $6,044.

Brawner was 32 years old, and in sound health. He was a blacksmith, and had served as deputy sheriff. He testified that prior to the accident he was earning on an average of $5 per day. Both bones of his left leg were broken, one of them in two places. It was a comminuted fracture, causing the bones to protrude through the skin. His nose was broken, his head, chest, and back bruised and skinned, and he had a cut over one eye. There were minor injuries practically all over his body. He had suffered considerable pain, and testified that he was not well at the time of the trial. A piece of bone was removed from his leg. The collision rendered him unconscious for a short time. He was attended by two physicians, and was confined a while in the hospital. He had lost about 40 pounds in weight. No other cause is shown for the loss of weight, and it was attributed by him to the injury.

Dr. Carrol testified that Brawner suffered a great deal for several months, and that he was permanently injured. He said the injured leg was not more than 60 per cent. of what it was before it was broken, and that he had not better than 50 per cent. of normal use of it at the time of the trial. He would never entirely recover, but the leg would probably function about two-thirds normal after he got off crutches. The doctor expressed the opinion that a break of the kind Brawner had would never fully recover.

Dr. Oldham testified that, when he first went to see Brawner, he was suffering from nervous shock and a great deal of pain. Dr. Carrol first saw the patient. They had to give him an anesthetic in order to examine him on account of his suffering. He had a leg broken; a compound comminuted fracture of both bones of the lower left leg, one bone in two places, a ruptured blood vessel, and the bone was sticking out of the leg. It was his op-

inion that the injury was permanent, and that the injured leg would never be as strong as the other.

The rule of law is that the verdict of a jury assessing damages will not be disturbed, unless the amount awarded is so disproportionate to the injury that it strikes the mind at first blush as excessive, and is accountable for only as the result of passion and prejudice on the part of the jury. The difficulty lies in applying the rule to specific cases. The jury must at last determine the question. In Danville Light, Power & Traction Co. v. Baldwin, 186 Ky. 683, 217 S. W. 910, this court sustained a verdict of $6,500 for a broken leg. There, the injured leg was shorter than the other, and was somewhat dished and weakened. The injured man was 35 years of age. On a previous trial the verdict was $3,400, but it was reversed for error in the introduction of evidence. 178 Ky. 184, 198 S. W. 713.

In L. & N. R. Co., v. Williams, 186 Ky. 680, 217 S. W. 915, a verdict of $6,000 was sustained.

In the case of D. H. Ewing's Sons v. Arnold, 199 Ky. 513, 251 S. W. 626, a verdict of $6,000 was upheld. Both lower bones of Arnold's left leg were broken, as was his collar bone. He was confined to his bed for seven weeks, was on crutches for three weeks, and his general health was impaired by the accident, resulting in valvular heart trouble, which was permanent.

In L. & N. R. Co. v. Clark, 217 Ky. 11, 288 S. W. 1022, this court sustained a verdict of $10,000 for a broken leg in favor of a man 43 years of age, earning $6.40 a day, who prior to the injury was a strong vigorous man, although he had varicose veins, and on account of the injury his leg was practically useless. On a previous appeal the verdict was for $7,500. 211 Ky. 316, 277 S. W. 272. See, also, Moore v. Wabash R. Co., 157 Mo. App. 53, 137 S. W. 5.

In view of the extent of the injuries and the testimony regarding their permanence, we cannot say that the verdict here reflected passion or prejudice on the part of the jury. It is not a case where the verdict strikes us at first blush as the result of passion or prejudice on the part of the jury.

Judgment affirmed.